**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Pamela E. Prescott, Esq. (328243)
pamela@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ITZEL GOMEZ, Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiff,<br><br>v.<br><br>**ROBINSON ECONOMIC SERVICES D/B/A CLEAN AIR LENDING; and ROBINSON ECONOMIC DEVELOPMENT CORPORATION,**<br><br>Defendants. | **Case No.:**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF:**<br><br>1. **RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT, 18 U.S.C. § 1961,** *ET SEQ.*,<br>2. **ILLINOIS INTEREST ACT, 815 ILCS §205/6;**<br>*3.* **ILLINOIS PREDATORY LOAN PREVENTION ACT, 815 ILCS § 123/15-1-1** *ET SEQ.***; AND,**<br>4. **ILLINOIS CONSUMER FRAUD ACT, 815 ILCS 505/1** *ET SEQ.*<br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff ITZEL GOMEZ ("Ms. Gomez" or "Plaintiff Gomez"), individually and on behalf of all others similarly situated, brings this action for damages and injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendants ROBINSON ECONOMIC SERVICES D/B/A CLEAN AIR LENDING ("Clean Air Lending") and ROBINSON ECONOMIC DEVELOPMENT CORPORATION ("REDC") (together, "Defendants") with regard to joint predatory and unscrupulous lending practices where Defendants intentionally, knowingly, and unfairly charge consumers, including Plaintiff, illegal interest rates resulting in violations of federal and state law.

2. Specifically, Plaintiff alleges that the actions described herein are in direct violation of: (1) the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO") (2) Illinois Interest Act, 815 ILCS 205/6; (3) Illinois Predatory Loan Prevention Act, 815 ILCS § 123/15-1-1, *et seq;* and (4) Illinois Consumer Fraud Act, 815 ILCS 505/1 *et seq.*

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge. The facts alleged herein come from Plaintiff's personal knowledge, Plaintiff's research, and Plaintiff's Counsel's investigation and research, taking into account that Defendants intentionally obscure and conceal their actions to hide their unfair and unlawful business practices.

4. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendants.

5. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such

specific violation.

## JURISDICTION AND VENUE

6. Original subject matter jurisdiction is valid in the U.S. District Court pursuant to 28 U.S.C. § 1331 because this case arises out of violations of federal law under RICO, 15 U.S.C. §§ 1695. Jurisdiction of this Court also arises pursuant to 28 U.S.C. §§ 1331 and 1367 for supplemental jurisdiction over the state law claims.

7. Personal jurisdiction and venue are proper in the Northern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (1) Defendants are located within this District; and (3) Defendants conducted business within this judicial district at all times relevant.

## INTRADISTRICT ASSIGNMENT

8. Because Defendants' principal place of business is in Nice, California, under Local Rule 3-2(f), the proper venue for this case is the Eureka Division of the United States District Court for the Northern District of California.

## PARTIES

9. Plaintiff Gomez is an individual residing in the County of Will, State of Illinois.

10. Plaintiff obtained consumer loans from Clean Air Lending bearing an interest rate over 699%.

11. Plaintiff is informed and believes, and thereon alleges, that Clean Air Lending, is, and at all times mentioned, purports to be a "corporate subdivision of the Robinson Economic Development Corporation, a wholly owned federally chartered corporation and an economic development arm of the Robinson Rancheria of Pomo Indians of California, a federally recognized and sovereign Native American Indian Tribe."[1]

---

[1] *See e.,g.,* https://rrcbc-nsn.gov/wp-content/uploads/2021/08/Robinson-Tribal-Lending-Ordinance-v4-FOR-DISTRIBUTION-TO-MEMBERS.pdf ); *see also*,

- 3 -
CLASS ACTION COMPLAINT

12. Plaintiff further alleges that at all times relevant herein Clean Air Lending conducted business within the State of California, and within this judicial district.

13. Clean Air Lending represents on its website (https://clearairlending.com/) that it has a physical office located at 1545 E. State Highway 20, Nice, CA 95464-8619. Clean Air Lending also represents that correspondence can be sent to PO Box 1429, Nice, CA 95464 and 1545 E. State Highway 20, Nice, CA 95464-8619.

14. Upon information and belief, Robinson Economic Development Corporation is a corporation with offices at 1545 E. State Highway 20, Nice, CA 95464-8619.

## FACTUAL ALLEGATIONS

### *Defendants' Rent-A-Tribe Scheme*

15. Defendants' representations that they are owned by the Robinson Rancheria of Pomo Indians of California (and therefore are "arms of the tribe") is disingenuous at best.

16. A rent-a-tribe scheme refers to the colloquial phrase used to describe the business practices of non-tribal payday lenders who hide under the guise of a Native American tribe in order to avoid usury laws by attempting to invoke sovereign immunity.

17. Several courts have recognized and admonished individuals and entities that attempt to ride on the coattails of sovereign immunity by purporting to be "arms of the tribe" to circumvent state and federal laws.

18. Under Defendants' rent-a-tribe model, unscrupulous loans are made in the name of Clean Air Lending and bear interest rates often exceeding 600%.

---

https://subscriptions.clearairlending.com/view/subscriptions (last visited Apr. 10, 2024).

- 4 -
CLASS ACTION COMPLAINT

19. Upon information and belief, Defendants falsely represent that their enterprises are "an arm of the Robinson Rancheria of Pomo Indians of California, a federally recognized and sovereign Native American Indian Tribe" when, in fact, upon information and belief, that is not true.

20. Any claim by Defendants' they are protected under tribal sovereign immunity is false, because upon information and belief, Defendants are not a part of the Robinson Rancheria of Pomo Indians of California.

21. Clean Air Lending represents on its website that it operates under a lending license granted by the Robinson Rancheria Lending Regulatory Commission.[2]

22. However, upon information and belief, Defendants are not listed as a licensed pay-day-lender on the Nationwide Multistate Licensing System / Nationwide Mortgage Licensing System and Registry.[3] Nor are they registered with the State of California[4] or Illinois.[5]

23. Cal. Fin. Code § 22100 prohibits any person from engaging in the business of a finance lender or broker without obtaining a license from the California Commissioner of Business Oversight.

24. Similarly, as of March 23, 2021, the Illinois Predatory Loan Prevention Act makes it illegal for anyone (other than a bank) to make loans to Illinois residents at an annual percentage rate that exceeds 36%. *See* 815 ILCS 123/15-1-1, *et seq.*

25. "Any loan made in violation of this Act is null and void and no person or entity shall have any right to collect, attempt to collect, receive, or retain any principal, fee, interest or charges related to the loan." 815 ILCS 123/15-5-10.

26. Upon information and belief, all of Defendants' prominent business

---

[2] https://clearairlending.com/ (last visited Apr. 3, 2024).
[3] *See* https://www.nmlsconsumeraccess.org. (last visited Apr. 10, 2024).
[4] https://portal.dfpi.ca.gov/csp?id=ssp_license_search (last visited Apr. 10, 2024).
[5] https://idfpr.illinois.gov/licenselookup/banks/licenseinfo.html (last visited Apr. 10, 2024).

operations are performed *outside* Robinson Rancheria of Pomo Indians of California's jurisdiction.

27. Additionally, upon information and belief, Clean Air Lending's IP addressed associated with its website (https://clearairlending.com) corresponds with the physical location of San Francisco, California, which is hundreds of miles from Robinson Rancheria of Pomo Indians of California reservation in Nice, California.[6]

28. While the Defendants each claim affiliation with Robinson Rancheria of Pomo Indians of California, upon information and belief, the formation of these entities was for the sole benefit of non-tribal beneficiaries and to circumvent federal and state laws.

### *Allegations Specific to Plaintiff Gomez*

29. At all times relevant, Plaintiff Gomez is an individual residing within the State of Illinois.

30. On or about April 12, 2023, Plaintiff Gomez incurred financial obligations to Clean Air Lending in the form of a personal loan in the amount of $450.00 (the "Loan").

31. Indeed, Plaintiff Gomez applied for the Gomez Loan with Clean Air Lending primarily for personal, family or household purpose.

32. Shortly thereafter, Plaintiff Gomez was approved for the Loan, with her first payment due on April 28, 2023.

33. Plaintiff Gomez applied for, and obtained the Gomez Loan, online while physically present within the State of Illinois.

34. Pursuant to current legal decisions, the Gomez Loan occurred in the State of Illinois and is governed by the laws of Illinois.

35. Section 815 of the Illinois Compiled Statutes chapter 123/15-5-5 provides that:

---

[6] *See* https://iplocation.io/ip/192.0.78.20 (last visited Apr. 11, 2024).

> Notwithstanding any other provision of law, for loans made or renewed on and after the effective date of this Act, a lender shall not contract for or receive charges exceeding a 36% annual percentage rate on the unpaid balance of the amount financed for a loan.

36. As noted above, upon information and belief, Defendants are prevented from charging interest rates of more than 36% per year

37. The amount Plaintiff Gomez financed from Clean Air Lending was only $450.00 with an annual percentage rate of a ***staggering*** **699.9903%**, resulting in a total financial commitment of $2,612.78 (after all the scheduled payments are made).

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings this action on behalf of herself, and all others similarly situated.

39. Plaintiff represents, and is a member of, the National Loan Class, pursuant to Fed. R. Civ. P. 23(b)(3) and/or (b)(2), which is defined as follows:

> All persons within the United States who obtained a loan from Clean Air lending within the last four (4) years preceding the filing of this Complaint.

40. Plaintiff Gomez represents, and is a member of, the Illinois Sub-Class, pursuant to Fed. R. Civ. P. 23(b)(3) and/or (b)(2), which is defined as follows:

> All persons with addresses within the State of Illinois who obtained a loan from Clean Air Lending with an annual percentage rate (APR) of more than 36% percent from March 23, 2021 to the present.

41. The National Loan Class and Illinois Sub-Class are together referred to as the "Classes."

42. Excluded from the Classes are: (1) Defendants, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a

result of the facts alleged herein.

43. Plaintiff reserves the right to redefine the Classes, and to add and redefine any additional subclass as appropriate based on discovery and specific theories of liability.

44. The Classes that Plaintiff seeks to represent contain numerous members and is ascertainable including, without limitation, by using Defendants' records to determine the size of the Classes and to determine the identities of individual Class members.

**Numerosity**

45. The members of the Classes are so numerous that joinder of all members would be unfeasible and impractical. The membership of the Classes is currently unknown to Plaintiff at this time. However, given that, on information and belief, Defendants conspire together to routinely issues consumer loans with interest rates far exceeding 36% to hundreds, if not thousands, of consumers, it is reasonable to presume that the members of the Classes are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

**Commonality**

46. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. Those common questions of law and fact include, without limitation, the following:

a) Whether Defendants' conduct was knowing and/or willful;

b) Whether Defendants issue loans with interest rates exceeding 30% per year;

c) Whether Defendants' conduct violated Illinois law;

d) Whether Defendants conspired together in an unlawful criminal enterprise;

e) Whether Defendants harmed Plaintiff and the Classes; and,

f) Whether Defendants engaged in a course of unfair and unlawful, conduct in their lending and loan practices;

**Typicality**

47. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom she is similarly situated, and Plaintiff's claims (or defenses, if any) are typical of all members of the Classes, as demonstrated herein.

48. Plaintiff represents and is a member of the Classes because Plaintiff obtained a consumer loan with an interest rate exceeding 36% from Clean Air Lending. Consequently, the claims of Plaintiff are typical of the claims of Class members and Plaintiff's interests are consistent with and not antagonistic to those of the other members of the Classes that Plaintiff seeks to represent.

49. Plaintiff and all members of the Classes have been impacted by, and face continuing harm arising out of, Defendants' violations or misconduct as alleged herein.

**Adequacy**

50. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each member of the Classes with whom Plaintiff is similarly situated, as demonstrated herein. Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationship, conflicts, or differences with any members of the Classes. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.

51. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of consumer protection statues. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each member of the Classes. Neither Plaintiff nor Plaintiff's counsel have any interests adverse to those

of the other members of the Classes.

**Predominance**

52. Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members of the class. The elements of the legal claims brought by Plaintiff and members of the Classes are capable of proof at trial through evidence that is common to the class rather than individual to its members.

**Superiority**

53. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Classes is impracticable and questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes. Even if every individual member of the Classes could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required.

54. Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, conducting this action as a class action will present fewer management difficulties, conserve the resources of the parties and the court system, and protect the rights of each member of the Classes. Further, it will prevent the very real harm that would be suffered by numerous members of the Classes who will be unable to enforce individual claims of this size on their own, and by Defendant's competitors, who will be placed at a competitive disadvantage because they chose to obey the law. Plaintiff anticipates no difficulty in the management of this case as a class action.

55. The prosecution of separate actions by individual members of the Classes may create a risk of adjudications with respect to them that would, as a

practical matter, be dispositive of the interests of other members not parties to those adjudications, or that would otherwise substantially impair or impede the ability of those non-party members of the Classes to protect their interests.

56. The prosecution of individual actions by members of the Classes would establish inconsistent standards of conduct for Defendant.

57. Defendants have acted or refused to act in ways generally applicable to the Classes, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Classes as a whole. Likewise, Defendants' conduct as described above is unlawful, is capable of repetition, and will continue unless restrained and enjoined by the Court.

58. The Classes may also be certified because:

(a) the prosecution of separate actions by individual members would create a risk of inconsistent or varying adjudication with respect to individual members, which would establish incompatible standards of conduct for Defendants;

(b) the prosecution of separate actions by individual members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Classes not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and,

(c) Defendants have acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final and injunctive relief with respect to the members of the Classes as a whole.

59. This suit seeks only damages and equitable relief on behalf of Classes and it expressly is not intended to request any recovery for personal injury and claims related thereto.

# FIRST CAUSE OF ACTION
## VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT 18 U.S.C. § 1962(C)
### [ON BEHALF OF PLAINTIFFS AND THE NATIONAL CLASS AGAINST DEFENDANT]

60. Plaintiff realleges and incorporate herein by reference the allegations contained in all preceding paragraphs, and further allege as follows:

61. Defendants are each a corporate entity and person as defined by 18 U.S.C. § 1961(3) and within the meaning of 18 U.S.C. § 1962(d).

62. 18 U.S.C. § 1961(6) defines an "unlawful debt" as any debt which is unenforceable under State or Federal law in whole or in part as to the principal or interest, because of the laws relating to usury and was incurred in connection with the business of lending money at a rate usurious under State or Federal law, where the usurious rate is at least twice the enforceable rate.

63. 18 U.S.C. § 1962(a) includes as prohibited activity any person who receives income derived directly or indirectly from a pattern of racketeering activity, or through collection of an unlawful debt.

64. 18 U.S.C. § 1962(c) prohibits any person associated with any enterprise from conducting, participating directly or indirectly, in the conduct of the enterprise's affairs through collection of unlawful debt.

65. As described in detail herein, the Defendants are a group of individuals associated in fact, although they are not a single legal entity.

66. As described in detail herein, the Defendants are a group of individuals associated in fact, although they are not a single legal entity. Particularly, upon information and belief, REDC controls Clean Air Lending.

67. Together, the Defendants conspired to issue and collect usurious consumer loans that violate applicable lending laws.

68. Upon information and belief, the Defendants each participated in this conspiracy.

69. Upon further information and belief, the Defendants were also each

aware of the purpose of the conspiracy–to issue and collect illegal loans through Clean Air Lending.

70. Through the conduct described in detail herein, the Defendants all have caused actual harm to Plaintiff and all those similarly situated by their violations of 18 U.S.C. § 1962(d).

71. Through the conduct described in detail herein, Defendants all have caused actual harm to Plaintiff and all those similarly situated by their violations of 18 U.S.C. § 1962(c).

72. Plaintiff seeks on behalf of herself and all those similarly situated:

   a) All monetary gains, profits, and advantages for Defendants' acts of racketeering in violation of 18 U.S.C. § 1962, *et seq*.'

   b) An order divesting Defendants of interest, direct or indirect, in their enterprise;

   c) An order imposing reasonable restriction on the future activities or investments of the Defendants, including, but not limited to, prohibiting the Defendants from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate commerce;

   d) Treble damages pursuant to 18 U.S.C. § 1964(c);

   e) Reasonable attorneys' fees and costs;

   f) An order voiding the usurious interest rates attached to the loans of Plaintiffs and the Classes; and

   g) Such other and further relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF ILLINOIS INTEREST ACT**
**815 I.L.C.S. §205/6,** *ET SEQ.*
**[ON BEHALF PLAINTIFF GOMEZ AND THE ILLINOIS SUB-CLASS AGAINST DEFENDANT]**

73. Plaintiff realleges and incorporates herein by reference the allegations

contained in all preceding paragraphs, and further allege as follows:

74. Upon information and belief, in the furtherance of Defendants' commercial lending enterprise, Defendants engaged in a scheme to issue loans to Plaintiff Gomez and the Illinois Sub-Class in violation of Illinois law with interest rates well over 100%.

75. The Illinois Interest Act specifically provides that Loans made by an unlicensed lender to an Illinois resident at an interest rate exceeding 9% violate the Interest Act, 815 ILCS 205/4, and are subject to statutory damages under 815 ILCS 205/6.

76. 815 ILCS 205/4 provides that "in all written contracts it shall be lawful for the parties to stipulate or agree that an annual percentage rate of 9%."

77. Under 815 ILCS 205/6:

> If any person or corporation knowingly contracts for or receives, directly or indirectly, by any device, subterfuge or other means, unlawful interest, discount or charges for or in connection with any loan of money, the obligor may, recover by means of an action or defense an amount equal to twice the total of all interest, discount and charges determined by the loan contract or paid by the obligor, whichever is greater, plus such reasonable attorney's fees and court costs as may be assessed by a court against the lender.

78. Plaintiff Gomez and the Illinois Sub-Class request that the Court enter judgment against the Defendant for the recovery of all principal and interest paid to the Defendant, directly or indirectly, out of proceeds from the illegal loans.

79. Plaintiff Gomez further seeks the recovery of attorneys' fees and costs as well as all other relief which may be due and owing under Illinois law.

//
//
//

**THIRD CAUSE OF ACTION**
**VIOLATIONS OF ILLINOIS PREDATORY LOAN PREVENTION ACT**
**815 I.L.C.S. § 123/15-1-1,** *ET SEQ.*
**[ON BEHALF PLAINTIFF GOMEZ AND THE**
**ILLINOIS SUB-CLASS AGAINST DEFENDANTS]**

80. Plaintiff Gomez realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further allege as follows:

81. Effective March 23, 2021, the Illinois Predatory Loan Prevention Act made it unlawful for anyone other than a bank to make loans to Illinois residents at annual percentage rates in excess of 36%. 815 ILCS 123/15-1-1, *et seq*.

82. Indeed, "a lender shall not contract for or receive charges exceeding a 36% annual percentage rate on the unpaid balance of the amount financed for a loan." 815 ILCS 123/15-5-5.

83. "Any loan made in violation of this Act is null and void and no person or entity shall have any right to collect, attempt to collect, receive, or retain any principal, fee, interest, or charges related to the loan." 815 ILCS 123/15-5-10.

84. As alleged herein, Defendants hold themselves out as an "arm of the tribe" in order to circumvent and systematically violate state lending laws and regulations, including but not limited to the Illinois Predatory Loans Prevention Act.

85. Defendants marketing (and issuance) of consumer loans with extremely high interest rates to Illinois residents constitutes unfair or deceptive acts or practices because, at a minimum, Defendants: (a) extend credit to Illinois residents at interest rates that exceed the maximum permissible rate of interest under Illinois law; and/or (b) require Illinois borrowers to agree to illegal and unconscionable contract terms.

86. Plaintiff Gomez and the Illinois Sub-Class request that the Court enter judgment against Defendants for the recovery of all principal and interest paid to under the terms of the illegal loans.

87. Plaintiff Gomez further seeks the recovery of attorneys' fees, and costs as well as all other relief which may be due and owing under Illinois law.

## FOURTH CAUSE OF ACTION
### VIOLATIONS OF ILLINOIS CONSUMER FRAUD ACT
### 815 I.L.C.S. § 505/1 *ET SEQ.*
### [ON BEHALF PLAINTIFF GOMEZ AND THE
### ILLINOIS SUB-CLASS AGAINST CLEAN AIR LENDING]

88. Plaintiff Gomez realleges and incorporates herein by reference the allegations contained in all preceding paragraphs, and further allege as follows:

89. Pursuant to the Illinois Consumer Fraud Act (815 ILCS 505/1, *et seq.*), it is unlawful for any person, including a corporation, to engage in deceptive or unfair acts or practices in the conduct of any trade or commerce.

90. Further, any violation of the Predatory Loan Prevention Act "constitutes a violation of the Consumer Fraud and Deceptive Business Practices Act." 815 ILCS 123/15-5-5.

91. As alleged herein, Clean Air Lending has engaged in deceptive acts or practices in violation of the Illinois Consumer Fraud Act by: (A) Failing to disclose necessary information regarding the terms of the loan that would be material to a consumer's decision to take out the loan, in violation of the act's requirement for full and fair disclosure, and (B) employing unfair or deceptive tactics to collect on loans, including but not limited to use of false or misleading statements, and the threat of legal action that is not permitted by law.

92. As a direct and proximate result of Clean Air Lending's unlawful acts, Plaintiff Gomez and the Illinois Sub-Class have suffered actual damage in the form of monies paid under the deceptive and unfair terms of the loans issued by Clean Air Lending.

93. As a direct and proximate result of Clean Air Lending's unlawful acts, Plaintiff Gomez and the Illinois Sub-Class have suffered actual damage in the form of monies paid under the deceptive and unfair terms of the loans issued by Clean Air Lending.

94. Plaintiff Gomez and the Illinois Sub-Class request that the Court enter

judgment against Clean Air Lending for actual damages, punitive damages, injunctive relief to prevent future violations of the Illinois Consumer Fraud Act, attorneys' fees, and costs, as well as any other relief the Court deems just and proper under 815 ILCS 505/10a(c).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and members of the Classes, prays for the following relief:

- That this action be certified as a Class Action, establishing the Classes and any appropriate sub-classes that the Court may deem appropriate;
- Appointing Plaintiffs as the representative of their respective Classes;
- Appointing the law firm representing Plaintiffs as Class Counsel;
- Pre-judgment and post-judgment interest;
- Costs of suit;
- An award of reasonable attorneys' fees and costs to Plaintiffs and the Class, pursuant to the common fund doctrine and, *inter alia,* California Code of Civil Procedure § 1021.5.

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT 18 U.S.C. § 1962(C)

- All monetary gains, profits, and advantages for the Defendants' acts of racketeering in violation of 18 U.S.C. § 1962, *et seq.*'
- An order divesting the Defendants of interest, direct or indirect, in their enterprise;
- An order imposing reasonable restriction on the future activities or investments of the Lender Defendants, including, but not limited to, prohibiting the Lender Defendants from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate commerce;

- Treble damages pursuant to 18 U.S.C. § 1964(c);
- Reasonable attorneys' fees and costs;
- An order voiding the usurious interest rates attached to the loans of Plaintiff and the Classes; and
- Such other and further relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION**
**VIOLATIONS OF ILLINOIS INTEREST ACT**
**815 I.L.C.S. §205/6;**

- Recovery of all principal and interest paid to the Defendants, directly or indirectly, out of proceeds from the illegal loans.
- Attorneys' fees and costs.
- Any other further relief that the court may deem just and proper.

**THIRD CAUSE OF ACTION**
**VIOLATIONS OF ILLINOIS PREDATORY LOAN PREVENTION ACT**
**815 I.L.C.S. § 123/15-1-1 *ET SEQ*.**

- Plaintiff Gomez and the Illinois Sub-Class request that the Court enter judgment against Clean Air Lending for the recovery of all principal and interest paid to under the terms of the illegal loans, and damages as appropriate under 815 I.L.C.S. § 123/15-1-1 *et seq*.
- Attorneys' fees and costs.
- Any other further relief that the court may deem just and proper.

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF ILLINOIS CONSUMER FRAUD ACT**
**815 I.L.C.S. § 505/1 *ET SEQ*.**
**[ON BEHALF PLAINTIFF GOMEZ AND THE ILLINOIS SUB-CLASS AGAINST CLEAN AIR LENDING]**

- Plaintiff Gomez and the Illinois Sub-Class request Plaintiff Gomez, on

1
2
3
4
5
6
7
behalf of themselves and the Illinois Sub-Class, seeks public injunctive relief pursuant to 815 I.L.C.S. 505/1 *et seq.*, to permanently and immediately prohibit Defendant Clean Air Lending from engaging in the unlawful conduct as alleged herein, including but not limited to the execution or enforcement of any loan agreements that include provisions imposing annual percentage rates that exceed the limit prescribed by Illinois law.

- A temporary, preliminary, and/or permanent order of injunctive relief requiring Defendant Clean Air Lending to: (i) cease the imposition of interest rates that violate the Illinois Consumer Fraud Act; (ii) engage in corrective advertising to inform the public of the unlawful interest rates previously charged; and (iii) provide written notice to the public of these violations.

- An order for the imposition of a constructive trust over, and disgorgement of, all profits obtained by Defendant through the unfair or deceptive acts or practices, and to pay restitution to Plaintiff Gomez and all members of the Illinois Sub-Class, as well as to restore to Plaintiff Gomez and the Illinois Sub-Class members all funds obtained by means of any act deemed by this court to be in violation of the Illinois Consumer Fraud Act, or any other deceptive business practice.

- Any other relief that the court deems just and proper in order to ensure compliance with the Illinois Consumer Fraud Act and to rectify the harm caused to Plaintiff Gomez and the Illinois Sub-Class by Defendant Clean Air Lending's unlawful practices.

## JURY DEMAND

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: October 31, 2024                             Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: <u>  s/ Abbas Kazerounian  </u>
     Abbas Kazerounian, Esq.
     Ak@Kazlg.Com
     Attorney For Plaintiffs